Argued and submitted April 8, reversed; referee's order reinstated October 30, 1985

In the Matter of the Compensation of
Randal R. Senner, Claimant.

SENNER,
*Petitioner,*

*v.*

CONSOLIDATED METCO/CONSOLIDATED
FREIGHTWAYS et al,
*respondents.*

(82-05948, 82-06563, 83-01044; CA A33009)

708 P2d 378

James Bradford Benziger, Portland, argued the cause and filed the brief for petitioner.

William H. Walters, Portland, argued the cause for respondent Consolidated Metco/Consolidated Freightways.

With him on the brief were Donald P. Bourgeois and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Bruce L. Byerly, Portland, argued the cause for respondent Consolidated Metco/Freightliner. With him on the brief was Moscato & Myers, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant petitions for review of an order of the Workers' Compensation Board which reversed an order of the referee. Claimant worked for Consolidated Metco (employer) from October, 1968, to May, 1982. Before August 1, 1981, Consolidated Freightways administered employer's workers' compensation claims; thereafter Freightliner administered them.[1] The Board reversed that portion of the referee's order which set aside Freightways' denial of claimant's 1979 claim for a right shoulder injury and his 1982 aggravation claim for that shoulder and which assessed penalties and attorney fees against Freightways for unreasonable denial of and unreasonable delay in processing the 1979 claim. We reverse the Board.

■ The decisive questions are whether claimant suffered a compensable injury to his right shoulder while at work on April 2, 1979, and whether he filed a timely claim. Little would be gained from repeating the evidence which persuaded the referee that he did or the Board that he did not. Their opinions detail the conflicting evidence. Claimant testified that on April 2, 1979, while working as a production set-up operator, he injured his right shoulder when he lifted a heavy object toward his work table. He testified that on that date he reported the incident to his foreman and supervisor, Sylvester, executed a form 801 and gave it to Sylvester, who gave him a copy of form 801. The record contains claimant's copy of form 801 which bears a carbon copy of Sylvester's signature. According to claimant, Sylvester signed the form 801 in claimant's presence. Respondents claim that they have no record that a form 801 was ever filed with employer or with its insurers. Employer and Freightways did not process the claim at that time.

Respondents did not produce Sylvester as a witness to explain why a carbon copy of his signature appears on the worker's copy of the form 801 or to contest claimant's testimony about the events of April 2, 1979, nor did respondents explain Sylvester's absence. There is no evidence that Sylvester's signature is not genuine or that he did not sign the

---

[1] Claimant does not seek review of the Board's affirmance of that part of the referee's order which affirmed Freightliner's denial of his 1982 "new injury or occupational disease" claim for his right shoulder.

form on April 2, 1979. Nothing in the record contradicts claimant's testimony that Sylvester signed it, gave a copy to him at that time and kept the other copies. We conclude, on this record, that Sylvester's signature is genuine. Although the Board found claimant's statements to be "unpersuasive," we conclude that the referee's assessment of claimant's credibility was correct. The preponderance of the evidence establishes that claimant injured his right shoulder at work on April 2, 1979, and that he notified Sylvester immediately of his injury and his claim. *See* ORS 656.265. The employer denied the 1979 injury claim in 1982, approximately three years after the event. That denial was unreasonable and unreasonably delayed.

■      In May, 1982, when claimant was examined by Doctor Harvey, his right shoulder condition had worsened. The evidence satisfies us that the referee's recitation of the facts was correct:

> "The swelling and pain in his right shoulder increased proportionately with the amount of work stress placed upon it.

> "Because of substantial layoffs, claimant was required to work full-time in the Hub assembly area from February 1, 1982, thereafter. That work involved a great deal of lifting, stacking, lifting overhead, and general use of his right shoulder and arm. There were no non-industrial activities which placed any similar kind of stress upon claimant's right arm and shoulder from February 1 through his last date of work of approximately May 10, 1982. Claimant continued to work as long as he was physically capable of doing so, although his symptoms worsened over that time period.

> "Finally, on or about May 7, 1982, claimant complained to his supervisor, Dennis Peterson, that he could not continue to do his job because of problems with his right shoulder * * *."

Reversed; referee's order reinstated.